I respectfully dissent. Buyer alleged that sellers failed to disclose material defects prior to the sale, specifically problems with the roof and siding in the common areas. The majority states that they conclude that appellees had no duty to warn potential buyers of the defects in the common area of the condominium complex * * *. I disagree with this reading of the law.
R.C. 5302.30 lists the information which is required to be included in a property disclosure form. It states in pertinent part: this section applies to any transfer of residential real property * * *. It requires a seller to disclose material matters relating to the physical condition of the property to be transferred, including, but not limited to, * * * the condition of the structure of the property, including the roof, foundation, walls, and floors * * *. R.C. 5302.30(D). Sellers allege that this requirement applies only to the individual unit being purchased, which information they provided truthfully, and not to the common areas, which they did not address in the disclosure form. However, R.C. 5311.03(A) states that
 Each unit of a condominium property, together with the undivided interest in the common areas and facilities appurtenant to it, is real property for all purposes and is real estate within the meaning of all provisions of the Revised Code. (Emphasis added.)
Although this appears to be a case of first impression on the issue of whether the disclosure form covers the entire property interest or only the individual condominium unit, the law clearly states that the entire interest is considered part of the real property. There is no logical reason, therefore, to assume that the disclosure statute was intended to exclude disclosure of the condition of the common areas.[1]
Sellers rely on their affidavits in which they state that they were not aware of any material defects in the condominium unit located at 351 Robert's Run, Bay Village, Ohio. They do not state that they were unaware of any material defects in the common areas of the condominium. Mrs. Cahill, one of the sellers, had been the condominium property manager and was aware of the extensive, hidden structural damage which existed in the exterior portions of the buildings. When buyer inquired as to any existing problems which might lead to assessments, she stated that there were no assessments planned at the present time, but you never know.[2]
She did not state that there were no underlying structural problems. An issue of fact exists, therefore, as to whether sellers were aware of defects which later required a $47,000 assessment and whether a professional inspection would have discovered these defects.
If sellers were not aware of the defects, then they are not liable to buyer. In her deposition Mrs. Cahill (seller) was evasive regarding her knowledge of defects on the property, although she did admit that there were ongoing complaints about significant water infiltration in the various condo units. She was aware, however, that a contractor had been hired to assess the condition of the property and that he had noted that the entire installation of the siding was defective and would probably need to be replaced. This report was sent to her and she distributed it to the board members. She testified that she did not inform the buyer of the contents of this report.
Sellers did accurately inform buyer that there were no current assessments in place and there were no existing plans for an assessment. They did not directly answer buyer's questions about conditions similar to the breakwall expense which might cause him to incur a significant assessment.
However, if a professional inspection would have discovered the defects leading to the assessment, again sellers would not be liable. If these defects are such that they would not have been discovered by a reasonable inspection, and if sellers failed to disclose these defects on their disclosure form, despite their obligation to do so, then they would be liable to buyer for the assessment resulting from their failure to disclose.
Because these fact issues exist, I would reverse and remand this case for determination of issues of material fact.
[1] The condominium association is currently suing the contractor responsible for the damage assessed and if it is successful, each condo owner will be credited for his share of the amount received in judgment.
[2] The condominium association had levied an extremely large assessment (nearly $1 million) against the owners for a breakwall a short time before the purchase in question. Sellers and buyer discussed this assessment, and buyer admitted that this discussion was the first time he had ever heard of the concept of special assessments.